[Civ. No. 4360.   Fourth Dist.   Apr. 1, 1952.]

LEON M. HALLAIAN et al., Respondents, v. HERMAN L. COLLINS et al., Appellants.

C. W. Tackaberry for Appellants.

Chester E. Shepard and John E. Shepard for Respondents.

MUSSELL, J.—This is an action brought to fix and determine the boundary line between farm land owned by plaintiffs in section 5 and adjacent land owned by defendants in section 4, all in township 15 south, range 23 east, M.D.B & M. All property here involved lies north of the Kings River, which flows in an easterly direction across these sections. The section line between the sections is the boundary line in dispute. Plaintiffs and defendants claim their respective lands through instruments describing their property by reference to United States government township plats.   A copy of the government

plat of said township and the field notes of the government survey thereof in 1853 were introduced in evidence and relied on by the parties and it is from these documents that the location of the north and south section line between sections 4 and 5 must be determined.

The township plat shows that the section line involved is a straight line from the northeast corner of section 5 to the southeast corner thereof; that said line extends northward from the southeast corner of section 5 to the south bank of the Kings River and commences again on the north bank on a direct line between the northeast and southeast corners of said section. The uncontradicted evidence is that the northeast and southeast corners of section 5 were found and established by surveys made by both parties and are as shown on the township plat. It appears from this plat that the north section lines of sections 4 and 5 are each 80 chains in length; that the south section line of section 5 is 81.06 chains and that the south section line of section 4 is unmeasured as it crosses the Kings River. The southeast corner of section 5 was located on the ground by a surveyor who measured from the west line of township 15 easterly a distance of 82.32 and 81.06 chains, the given length of the south section lines of sections 5 and 6.

The contention of defendants is that the east and west lines of section 4 are parallel and that the southwest corner of the property claimed and owned by them is located at a point approximately 124 feet west of a straight line drawn by the northeast and southeast corners of section 5. This contention is without merit. The township plat shows that the east and west township lines of township 15 are not parallel, the north line being 480 chains in length and the south line 483.5 chains. All corners of sections 4 and 5 are fixed and the distances to the township lines are given. The distance from the west township line to the southeast corner of section 5 is 3.38 chains longer than the distance from said township line to the northeast corner of said section. Obviously, the east line and west line of section 4 are not parallel. ▮ Since defendants in their answer and cross-complaint described their property as being within section 4, as shown on the township map, there was no evidence upon which the trial court could base a finding that the property owned by them extended a distance of 124 feet into section 5.

The evidence shows that for many years a fence was maintained between the properties of the parties hereto and that

such fence was approximately on the section line shown on the township map and was regarded by the parties and their predecessors in interest as the true boundary line between their properties. However, none of the parties to this action claim title by adverse possession and the only question involved is whether the evidence is sufficient to support the trial court's finding as to the true location of the disputed section line.

The trial court found that the east boundary line of section 5 in township 15 south, range 23 east M.D.B. & M. is a straight line running from the northeast corner of said section 5 to the southeast corner thereof, according to the United States government township plat and that the east boundary of plaintiffs' property runs to and is on the east boundary line of said section 5, according to the United States government township plats. These findings are amply supported by the evidence.

Where, as here, a survey was made by a proper official of the United States government and confirmed by the Department of the Interior, it is not open to challenge by a collateral attack in the courts. (*Weaver* v. *Howatt*, 171 Cal. 302, 306 [152 P. 925].) The northeast and southeast corners of section 5 having been established without question, the section line in dispute must be ascertained by running a straight line between the two established corners. (*Chapman* v. *Polack*, 70 Cal. 487, 491 [11 P. 764].)

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied April 24, 1952, and appellants' petition for a hearing by the Supreme Court was denied May 29, 1952.